## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Aryana Eskandani, | : |
| | : |
| Plaintiff, | :     Civil Action No.: |
| | : |
| v. | : |
| | : |
| Sun Capital Partners D/B/A Boston | :     August 20, 2013 |
| Market Corporation, | : |
| | : |
| Defendant. | : |

### <u>NOTICE OF REMOVAL</u>

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Boston Market Corporation, incorrectly identified as Sun Capital Partners D/B/A Boston Market Corporation,[1] ("Defendant") files this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1332(a), 1441 and 1446 and hereby removes this action from the State of Connecticut Superior Court, Judicial District of Hartford at Hartford to the United States District Court for the District of Connecticut. As its reasons for removal, Defendant states:

1. By Summons and Complaint, Plaintiff Aryana Eskandani ("Plaintiff") commenced a civil action against Defendant in Connecticut Superior Court titled *Aryana Eskandani v. Sun Capital Partners D/B/A Boston Market Corporation,* Docket No. HHD-CV13-6043772-S (the "Superior Court Action"). A true and correct copy of the Summons and Complaint served by Plaintiff on Defendant is attached hereto as Exhibit A and constitutes all processes, pleadings and orders served upon Defendant in this action to the present date. 28 U.S.C. § 1446(a).

---

[1] Sun Capital Partners D/B/A Boston Market Corporation is improperly named as defendant as it is not an actual corporate entity and the alleged entity did not employ Plaintiff. Boston Market Corporation employed Plaintiff.

2.      Defendant was served with the Summons and Complaint in the Superior Court Action on or about July 23, 2013. The instant Notice of Removal is being filed within 30 days of the date on which Defendant was served with a copy of the Complaint in the Superior Court Action. 28 U.S.C. § 1446(b).

3.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because of the existence of a federal question in that Plaintiff has alleged a violation of Title VII of the Civil Rights Act of 1964.

4.      This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and, upon information and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.      The Summons and Complaint indicate that Plaintiff is, and was at all times relevant to this removal, a citizen of the State of Connecticut.

6.      Defendant is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Colorado.[2]

7.      Plaintiff alleges that she was constructively discharged from her position as a Crew Member at Boston Market on November 13, 2011, in violation of Title VII of the Civil Rights Act of 1964, the Connecticut Fair Employment Practices Act, and the Connecticut Unfair Trade Practices Act.  In her Complaint, Plaintiff alleges that she seeks monetary damages, punitive damages, emotional distress damages, and attorney's fees.  At the time of her resignation, Plaintiff earned approximately $8.25 per hour.  Consequently, upon information and

---

[2] Sun Capital Partners IV (SCP IV) is not the parent corporation of Boston Market Corporation. In any event, for diversity purposes, diversity still exists as SCP IV is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Florida. Therefore, Plaintiff is not a citizen of the same state as either SCP IV or Boston Market Corporation.

belief, her claim for alleged monetary damages, along with her claim for punitive damages, emotional distress damages, and attorney's fees, is in excess of $75,000.

8.      Because the requirements for federal question and diversity jurisdiction are satisfied, this Court has jurisdiction over all claims and parties pursuant to 28 U.S.C. §§ 1331 and 1332(a).  The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

9.      This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district and division within which the Superior Court Action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).

10.     Attached hereto as Exhibit B is a copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Superior Court, Judicial District of Hartford.  28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this Action be removed and hereinafter proceed in the United States District Court for the District of Connecticut.

Respectfully submitted,

**BOSTON MARKET CORPORATION**

*/s/* Matthew K. Curtin
Deborah DeHart Cannavino (CT08144)
dcannavino@littler.com
Matthew K. Curtin (CT27765)
mcurtin@littler.com
LITTLER MENDELSON, P.C.
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
Defendant's Attorney

3.

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2013, a copy of the foregoing was sent via first class mail, postage prepaid, to all counsel and pro se parties of record as follows:

Edward W. Case, Esq.
Gerace & Associates
21 Oak Street
Hartford, CT 06106

*Counsel for Plaintiff Aryana Eskandani*

/s/ Matthew K. Curtin
Matthew K. Curtin (CT27765)

# EXHIBIT A

## OFFICER'S RETURN

STATE OF CONNECTICUT

                   ss: Hartford,                 July 23, 2013

COUNTY OF HARTFORD


      Then and there by virtue hereof, I served the within named defendant **BOSTON MARKET CORPORATION,** by leaving a true and attested copy of original WRIT, SUMMONS AND COMPLAINT, AND RELEASE OF JURISDICTION, with its Agent for Service, **Gary Scarpini, CT Corporation System, One Corporate Center, 14TH Floor, Hartford, CT 06103,** with my endorsements thereon.


      The within and foregoing is original WRIT, SUMMONS AND COMPLAINT, AND RELEASE OF JURISDICTION, with my doings hereon endorsed.


                         ATTEST:

                         PETER J. PRIVITERA
                         CT STATE MARSHAL
                         HARTFORD COUNTY


FEES:
Service Fee  $ 30.00
Copy         14.00
Endorsements  1.60
Travel        9.00
           $ 54.60

# SUMMONS - CIVIL

JD-CV-1   Rev. 2-13
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.ct.gov*

**See page 2 for instructions**

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 95 WASHINGTON STREET, HARTFORD, CT 06106 | ( 860 ) 548-2700 | AUGUST      20 , 2013 |
| | | Month      Day   Year |

| ☒ Judicial District     G.A. | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* |
|---|---|---|
| ☐ Housing Session     ☐ Number: | HARTFORD | Major: **M**     Minor: **90** |

## For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| GERACE & ASSOCIATES | 102274 |

| Telephone number *(with area code)* | Signature of Plaintiff *(If self-represented)* |
|---|---|
| ( 860 ) 525-4461 | |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| First Plaintiff | Name: ESKANDANI, ARYANA<br>Address: 31 RAINBOW TRAIL, VERNON, CT 06066 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: BOSTON MARKET CORPORATION<br>Address: 1013 CENTRE ROAD, WILMINGTON, DE 19805 | D-01 |
| Additional Defendant | Name: CT CORPORATION SYSTEM (AGENT FOR SERVICE)<br>Address: ONE CORPORATE CENTER, HARTFORD, CT 06103 | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court     ☐ Assistant Clerk | Name of Person Signing at Left | Date signed |
|---|---|---|---|
| | | WILLIAM T. GERACE, ESQ. | 07/23/2013 |

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|
| | | 07/23/2013 |

| Name and address of person recognized to prosecute in the amount of $250 | | |
|---|---|---|
| GERALD M. KLEIN, ESQ. | | |

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court     ☐ Assistant Clerk | Date | Docket Number |
|---|---|---|---|
| | | 07/23/2013 | |

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Aryana Eskandani
COMPLAINANT

CHRO No. 1220306

vs.

EEOC No. 16A-2012-00774

Boston Market
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.

The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION    BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.


   June 11, 2013
DATE

Robert J. Brothers, Jr.
Executive Director


Sent to:
Complainant's Attorney: ewcase@geracelaw.com
Respondent's Attorney: Nicole C. Chomiak, One Town Center, PO Box 747, Cheshire, CT 06410

RETURN DATE: AUGUST 20, 2013     :     SUPERIOR COURT

ARYANA ESKANDANI     :     JUDICIAL DISTRICT OF HARTFORD

VS.     :     AT HARTFORD

SUN CAPITAL PARTNERS D/B/A
BOSTON MARKET CORPORATION     :     JULY 22, 2013

## **COMPLAINT**

FIRST COUNT (Discrimination in violation of C.G.S. Sections 46a-51 et. seq.
and Title VII of the Civil Rights Act of 1964).

     1.  Between September of 2009 and November 13, 2011, the plaintiff Aryana

Eskandani, was an employee of defendant Sun Capital Partners D/B/A, Boston Market

Corporation.

     2.  When plaintiff began her employment she worked as part-time a Crew Member

at defendant's Glastonbury Connecticut store. She worked at this location from September 2009

through August 2010.

     3.  From December 2010 through August 2011, plaintiff worked at defendant's

Bloomfield Connecticut Store, and from September 2010 through November 13, 2011, plaintiff

Worked at defendant's Danbury Connecticut store.

     4.  During her employment at the Glastonbury location, plaintiff was continually subject

**GERACE & ASSOCIATES**

ATTORNEYS AT LAW

21 OAK STREET · SUITE 604 · HARTFORD, CONNECTICUT 06106 · (860) 525-4461 · FAX (860) 527-2439 · JURIS NO. 102274

to sexual harassment and abuse by the defendant's Hourly Shift Manager, Kyle Sprague. Among the types of sexual harassment Kyle Sprague would engage in would be constantly staring at plaintiff's body and making statements such as "nice ass", "hot body", and he would imply that he wanted to have sex with the plaintiff.

5.   The plaintiff felt that she was being sexually harassed by Kyle Sprague and felt uncomfortable working near or around him. Additionally the conduct she was subject to made it difficult for her to focus upon her work. She felt cheapened, demeaned and abused by the Shift Manager, who happened to be her boss. Moreover, plaintiff began to feel that she was viewed not as a valued employee but rather a sexual object to be manipulated by her boss. As time went on, plaintiff found it increasingly difficult to work with Kyle Sprague.

6.   In response to Kyle's sexual aggression, plaintiff did nothing at first, but later stood up for herself and advised him to refrain from staring at her body and making rude sexual comments. In response to plaintiffs request to refrain from such conduct, Kyle Sprague would respond by telling her she had a "fat ass" and that she was a "whale". He also told her she was a "fat cow", and would use other derogatory statements for the purpose of harassing plaintiff and belittling her.

7.   As a direct result of this conduct plaintiff was extremely uncomfortable,

**GERACE & ASSOCIATES**

ATTORNEYS AT LAW

21 OAK STREET • SUITE 604 • HARTFORD, CONNECTICUT 06106 • (860) 525-4461 • FAX (860) 527-2439 • JURIS NO. 102274

anxious about going to work, and felt that he was using his authority as a manager to coax plaintiff into having sex with him when she wanted nothing to do with him. Despite repeated requests to refrain from said conduct by the plaintiff, defendant's Shift Manager, failed, refused and neglected to conform his conduct to acceptable standards.

8.    Plaintiff complained about Kyle's conduct to his manager in an effort to get it to Stop. Despite her effort, no action was taken to admonish or discipline him. The conduct continued ultimately forcing the plaintiff to seek a transfer to another store, due to the hostile work environment to which she was subjected.

9.    Plaintiff transferred to the Danbury store, where she was immediately subjected to continued sexual harassment by defendant's employee and co- crew member, Eric Cosgrove. Cosgrove would walk up to plaintiff and put his hands on her body without her permission or consent, and would continually ask her out on dates, telling her that he wanted to have sex with her. Despite plaintiff's admonitions and clear response that she did not want to date him, Eric Cosgrove became angry with plaintiff and started a rumor to the effect that plaintiff wanted to have sex with the General Manager. When other employees heard this rumor, they looked upon plaintiff with disdain and disapproval. At no time did the plaintiff ever imply that she wanted a relationship with the Manager, and at no time did she ever have a relationship

with the Manager.

10. As a result of the continued sexual harassment, plaintiff complained to defendant's Assistant Manager Veena Pagus, and the General Manager Paul Mulhare. Despite having complained about said conduct, no action was taken to stop it. Eric Cosgrove consequently continued to engage in his harassment of the plaintiff by touching her inappropriately and engaging in sexual innuendo with impunity.

11. Due to this conduct the plaintiff felt helpless, became very anxious, depressed and fearful for her safety and security. Due to the rumor started by Eric, co-workers told plaintiff that they suspected that she was sleeping with the Manager. While this was not true, the rumor mill resulted in an escalating hostile environment within which to work.

12. In an effort to justify his failure to take any corrective action with regard to Eric Cosgrove, the Assistant Manager, Paul Mulhare went to the District Manager, Steve Anderson and told him that plaintiff was trying to seduce him. He knew this to be false at the time he made this statement and he knew that plaintiff never attempted to seduce him. The reason he went to the District Manager was to protect himself for failing to take remedial action after plaintiff complained about the sexual harassment. The best way to avoid the negative consequences of his failure to act was to assert that plaintiff was being promiscuous, a fact that was never true.

4

13.  As a direct result of the continued sexual harassment and hostile work environment to which Plaintiff was subjected , she continued to suffer a feeling of helplessness, extreme anxiety, and fear of losing her job for blowing the whistle on these employees. Moreover she felt helpless and without remedy at that point in time, because her earlier efforts resulted in no corrective action being taken.

14. During plaintiffs employment at the Bloomfield Connecticut store, the Manager, Javiar Navedo sexually harassed the plaintiff on a regular and continued basis by rubbing his groin  against plaintiff's thighs and/or buttocks and telling her that he would like to do a variety of lewd and lascivious sexual acts upon her. He frequently would tell plaintiff that he would like to bring her outside and "smack that ass of yours". Additionally he would send plaintiff sexually suggestive text messages.

15. Another co-worker named Manny (Jose Manuel Colon Baez) sexually harassed plaintiff  to the point of stalking her home on one occasion and texting her phone alluding to sexual acts he would perform on her. He engaged in grabbing her buttocks and breasts during work hours, lick her neck and smelling her hair. As a result of Manny's conduct, plaintiff complained to Javiar, her manager, but in response he told her that she would be fired for following through on a sexual harassment complaint.

**GERACE & ASSOCIATES**
ATTORNEYS AT LAW
21 OAK STREET • SUITE 604 • HARTFORD, CONNECTICUT 06106 • (860) 525-4461 • FAX (860) 527-2439 • JURIS NO. 102274

16. Manny was arrested and convicted of Harassment 2nd and placed on probation. On one occasion he followed plaintiff home from work and went as far as to break into plaintiff's house while she was home, attempting to hide from him. This last heinous act resulted in plaintiff suffering extreme emotional trauma for which she became institutionalized for a period of time. Plaintiff suffers panic attacks, emotional disturbances, depression and a constant fear that someone is watching her. This paranoia is directly related to and arose out of the work experience at defendants stores.

17. In addition to the sexual harassment, Manny engaged in ethnic harassment by making statements to the effect that "all Iranians have hairy armpits", and "your crotch hair and armpits smell like onions". These statements were made after plaintiff had told him that he was to stop harassing her. With both Javiar and Manny hitting-on the plaintiff and saying demeaning things about her at work in front of other employees, plaintiff had to leave her employment involuntarily. At one point Javiar asked plaintiff to send him nude pictures of herself via text messages.

18. As a result of the culmination of the continued sexual and ethnic harassment, and the stalking and break-in incident, Plaintiff has become permanently fearful for her safety and can no longer sleep well at night. Her ability to trust people has become impaired. She has

**GERACE & ASSOCIATES**
ATTORNEYS AT LAW
21 OAK STREET • SUITE 604 • HARTFORD, CONNECTICUT 06106 • (860) 525-4461 • FAX (860) 527-2439 • JURIS NO. 102274

6

suffered post-traumatic stress as well.  Her college grades suffered as a direct result of this conduct.

**SECOND COUNT: (CONSTRUCTIVE DISCHARGE)**

    1.  Paragraphs 1 through 18 of the First Count are hereby made paragraphs 1 through 18 this Second  Count as if fully set forth herein.

    19. As a direct result of the conduct of the defendant's agents, servants and employees noted herein, an extremely hostile work environment was created wherein the plaintiff felt intimidated, fearful, sexually harassed, physically harassed, and powerless.

    20. Each day she would go to work dreading exposure to more harassment and intimidation, and eventually plaintiff became very depressed over the way she was being treated that she had no option other than to leave defendant's employment.

    21. Said harassment resulted in plaintiff's constructive discharge from her employment as she never would have left had said conduct ceased. As a result plaintiff lost wages and earnings she would have had if she continued in her employment with the defendant.

**THIRD COUNT: (NEGLIGENCE)**

    Paragraphs 1 through 18 of the First Count are hereby made paragraphs 1 through 18 of

**GERACE & ASSOCIATES**

**ATTORNEYS AT LAW**

21 OAK STREET • SUITE 604 • HARTFORD, CONNECTICUT 06106 • (860) 525-4461 • FAX (860) 527-2439 • JURIS NO. 102274

the Third Count as if fully set forth herein.

    19. The defendant Boston Market was careless and negligent in that it:

    a.  Failed to properly investigate the facts surrounding the conduct alleged herein to protect the rights of the plaintiff;

    b.  Failed to warn the employees noted herein of the illegal nature of their conduct;

    c.  Failed to take corrective action and/or disciplinary action against the employees Subjecting plaintiff to sexual harassment;

    d.  Hired said employees/ managers without properly training them as to the proper standards of conduct they must adhere to while working at its stores;

    e.  Promoted an employment environment wherein male managers and employees could engage in sexual discrimination with respect to female employees without fear of reprisal from management, and encouraged managers and employees to scuttle claims of harassment and to use their authority to prevent claim of harassment from being filed;

    f.  Hired said employees who were not fit to work in the subject environment and/or possessed prior criminal records;

    g.  Permitted Jose Manuel Colon Baez to continue in its employ despite the fact that he had been convicted of harassment, and had stalked the plaintiff and broke into her residence;

    h.  Failed to interview plaintiff regarding her complaints and failed to take seriously Plaintiff's claims of harassment;

    i.  Permitted its employees to engage in unconsented to touching of other employees;

8

j.  Permitted a hostile work environment to exist within its stores that condoned Harassment and unconsented to touching of employees and the plaintiff;

k.  Failed to investigate plaintiff's claims after it learned of the criminal conduct of Jose Manuel Colon Baez and the fact that he stalked the plaintiff;

l.  Blamed the plaintiff for being promiscuous and encouraging said conduct without first conducting a thorough investigation.

20. As a direct result of the negligence and carelessness of the defendant as aforesaid the plaintiff suffered fear, intimidation, depression, loss of self-esteem, inability to sleep, and difficulty focusing while at work.

21. As a direct result of the carelessness and negligence of the defendant as aforesaid the plaintiff was subject to a hostile work environment such that she was force to resign from defendant's employment.

**FOURTH COUNT: (C.U.T.P.A.)**

Paragraphs 1 through 21 of the First, Second, and Third Counts are hereby made Paragraphs 1 through 21 of this Fourth Count as if fully set forth herein:

22. The actions of the agents, servants and employees of the defendant as mentioned in the First, Second and Third Counts, constitutes unfair, unscrupulous, and/or deceptive acts or

9

**GERACE & ASSOCIATES**

ATTORNEYS AT LAW

21 OAK STREET · SUITE 604 · HARTFORD, CONNECTICUT 06106 · (860) 525-4461 · FAX (860) 527-2439 · JURIS NO. 102274

practices within the meaning of C.G.S. 42-110a et. seq. and thereby constitutes unfair trade practices by the defendant.

23. As a direct result of the unfair trade practices of the defendant as stated herein the plaintiff has suffered physical, emotional, and mental and economic damages.

**GERACE & ASSOCIATES**
ATTORNEYS AT LAW
21 OAK STREET • SUITE 604 • HARTFORD, CONNECTICUT 06106 • (860) 525-4461 • FAX (860) 527-2439 • JURIS NO. 102274

WHEREFORE THE PLAINTIFF CLAIMS:

1. MONETARY DAMAGES.

2. PUNITIVE DAMAGES.

3. PUNITIVE DAMAGES PER C.U.T.P.A.

4. ATTORNEY'S FEES.

5. SUCH OTHER RELIEF AS IN LAW OR EQUITY AS MAY PERTAIN.

PLAINTIFF

By _____
Edward W. Case, Esq.
Gerace & Associates
21 Oak Street
Hartford, CT 06106
Juris # 102274
Tel. 860-525-4461

**GERACE & ASSOCIATES**
ATTORNEYS AT LAW
21 OAK STREET • SUITE 604 • HARTFORD, CONNECTICUT 06106 • (860) 525-4461 • FAX (860) 527-2439 • JURIS NO. 102274

RETURN DATE: AUGUST 20, 2013     :     SUPERIOR COURT

ARYANA ESKANDANI     :     JUDICIAL DISTRICT OF HARTFORD

VS.     :     AT HARTFORD

SUN CAPITAL PARTNERS D/B/A
BOSTON MARKET CORPORATION     :     JULY 22, 2013

## <u>STATEMENT OF AMOUNT IN DEMAND</u>

The amount in demand is greater than Fifteen Thousand $15,000.00 Dollars.

Edward W. Case, Esq.

**GERACE & ASSOCIATES**
**ATTORNEYS AT LAW**
21 OAK STREET • SUITE 604 • HARTFORD, CONNECTICUT 06106 • (860) 525-4461 • FAX (860) 527-2439 • JURIS NO. 102274

## OFFICER'S RETURN

STATE OF CONNECTICUT

                    ss: Hartford,                   July 23, 2013

COUNTY OF HARTFORD


      Then and there by virtue hereof, I served the within named defendant **BOSTON MARKET CORPORATION,** by leaving a true and attested copy of original WRIT, SUMMONS AND COMPLAINT, AND RELEASE OF JURISDICTION, with its Agent for Service, **Gary Scarpini, CT Corporation System, One Corporate Center, 14TH Floor, Hartford, CT 06103,** with my endorsements thereon.


      The within and foregoing is original WRIT, SUMMONS AND COMPLAINT, AND RELEASE OF JURISDICTION, with my doings hereon endorsed.


                             ATTEST:

                             PETER J. PRIVITERA
                             CT STATE MARSHAL
                             HARTFORD COUNTY


FEES:
Service Fee  $ 30.00
Copy             14.00
Endorsements  1.60
Travel            9.00
             $ 54.60

# EXHIBIT B

| DOCKET NO. HHD-CV13-6043772-S | : | JUDICIAL DISTRICT |
|---|---|---|
| ARYANA ESKANDANI | : | OF HARTFORD |
| v. | : | AT HARTFORD |
| SUN CAPITAL PARTNERS D/B/A BOSTON MARKET CORPORATION | : | AUGUST 20, 2013 |

## NOTICE TO SUPERIOR COURT OF FILING
## OF NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to the provisions of 28 U.S.C. §§ 1331, 1332(a), 1441 and 1446, Defendant Boston Market Corporation, incorrectly identified as Sun Capital Partners D/B/A Boston Market Corporation, today filed a Notice of Removal of this action in the United States District Court for the District of Connecticut. A copy of said Notice is attached hereto as Exhibit A.

This Notice to Superior Court was filed and served pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

**BOSTON MARKET CORPORATION**

/s/ Matthew K. Curtin
Matthew K. Curtin
mcurtin@littler.com
LITTLER MENDELSON, P.C.
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
Firm Juris No. 426891
Defendant's Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of August, 2013, a copy of the foregoing was sent via first class mail, postage prepaid, to all counsel and pro se parties of record as follows:

Edward W. Case, Esq.
Gerace & Associates
21 Oak Street
Hartford, CT 06106

*Counsel for Plaintiff Aryana Eskandani*

/s/ Matthew K. Curtin
Matthew K. Curtin